UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH HARVEY and ANJA KANNELL,

    Plaintiffs,

v.                                                                                  Case No:   6:16-cv-56-Orl-41TBS

SEMINOLE COUNTY, SHERIFF,
SEMINOLE COUNTY SHERIFF'S
OFFICE, STEVEN SOTO and HALL,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs which I have construed as a motion for leave to proceed *in forma paueris* (Doc 10).   Upon due consideration I respectfully recommend that the motion be **DENIED without prejudice**.

### Procedural Background

This pro se lawsuit was filed in the United States District Court for the Southern District of Florida and subsequently transferred to this Court (Docs. 1, 5).   After receiving the case, the Court entered an Order *sua sponte* giving Plaintiffs through February 9, 2016 to either file an affidavit of indigency or other application to proceed *in forma pauperis*, or pay the filing fee (Doc. 9).   Plaintiffs' motion to proceed *in forma pauperis* was docketed on February 1, 2016 (Doc. 20).

### Failure of Both Plaintiffs to Sign Papers

The complaint and motion are filed on behalf of both Plaintiffs but only signed by Joseph Harvey (Docs. 1, 10).   There is nothing in the record from which the Court can

infer that Harvey is an attorney, so I have assumed that he is not.   Because Harvey is not an attorney, he cannot act as counsel for Kannell, and may not sign pleadings, motions, or other papers on her behalf.   See Turner v. Cunningham, No. 08-0249-WS-M, 2008 WL 2157113, at *1 n.2 (S.D. Ala. May 20, 2008) ("One plaintiff cannot sign on behalf of the others, for the simple reason that a pro se plaintiff cannot represent other pro se plaintiffs in legal proceedings in federal court.") (citing Miller v. Bobbitt, 779 F. Supp. 495, 496 (D. Or. 1991) (pointing out that a pro se plaintiff cannot represent another pro se plaintiff, and that all such plaintiffs must sign all pleadings in which they wish to be a part)); FED. R. CIV. P. 11(a).   If Harvey is not a licensed attorney, then his signing for would Kannell could constitute the unauthorized practice of law, which is a crime under the Florida Statutes.   See FLA. STAT. § 454.23.   I also note that Harvey has only provided information concerning his finances.   No information is disclosed concerning Kannell's financial condition.   Therefore, I have construed the *in forma pauperis* motion and complaint as being filed solely on behalf of Harvey.

### Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor."   28 U.S.C. § 1915(a)(1).   Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review the complaint to determine whether it should be dismissed.   Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.   Id. § 1915(e)(2).   If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority.   See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

Harvey alleges that he was falsely arrested and slandered[1] by Seminole County police officers for fictitious identification in reference to two car purchases made by Kannell on March 17, 2009 and April 17, 2009, in violation of 42 U.S.C. § 1983, 1988; the

---

[1] All other claims mentioned in the Complaint appear to be claims asserted against Defendants on behalf of Kannell. For the reason explained above, I have not considered them.

- 3 -

Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution; 18 U.S.C §1030(2)(c), (6)(A); and FLA. STAT. § 815.06(1)(a).  (Doc. 1 at 1-7).[2]  Although I have attempted to summarize Harvey's claim, it is not sufficiently clear for me to understand what he is complaining about.

Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction.  42 U.S.C. § 1983.  The purpose of Section 1983 "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)).  Section 1983 is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights.  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).  The Court must therefore consider the specific federal rights Harvey claims he was deprived of by Defendants.  In other words, the viability of Harvey's § 1983 claim hinges on the sufficiency of his constitutional claims.

Harvey's constitutional claims lack the specificity required at this stage in the litigation.  For instance, he fails to specify whether his Fourteenth Amendment challenge is substantive or procedural.  Similarly, he alleges that Defendants violated his right to privacy without stating a basis for that right or an explanation of whether his expectation in its protection was reasonable.  Detailed factual allegations are not required to satisfy the Rule 8 pleading requirement, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal,

---

[2] Plaintiff Harvey also appears to make allegations against non-party Sid Monzadeh (Doc. 2 at 7).

- 4 -

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

While Congress did create a private cause of action in the Computer Fraud and Abuse Act, 18 U.S.C §1030, Harvey fails to make any allegation necessary to sustain a claim under this federal statute. The statute requires a plaintiff to plead (1) damage or loss, (2) at least one of five factors listed under section 1030(4)(A)(i), and (3) that the damage or loss sustained was a result of a violation of the statute. Mortgage Now, Inc. v. Stone, No. 3:09CV80/MCR/MD, 2009 WL 4262877, at *8 (N.D. Fla. Nov. 24, 2009). Harvey has failed to make any such allegations and therefore, his complaint is insufficient.[3]

Lastly, Harvey has failed to show that, among other things, the Defendants have previously been convicted of a crime under FLA. STAT. § 815.06, which is a prerequisite to the private right of action he asserts under the state statute. See Mortgage Now, Inc., 2009 WL 4262877, at *6 ("[Florida Statute] Section 815.06 is also criminal in nature but provides a civil remedy for compensatory damages against a person who has already been criminally convicted under the statute. The defendants in this case have not been convicted of any crime under § 815.06, and the statute is inapplicable to them.").

### Conclusion

For these reasons, I respectfully recommend that:

(1)  All claims by Anja Kannell be **DISMISSED without prejudice**, with leave to be asserted by an attorney representing Kannell, or by Kannell proceeding pro se.

(2)  All claims of Joseph Harvey be **DISMISSED without prejudice** and he be given **until February 25, 2016** to amend.

---

[3] Although he relies on this statute as a basis of federal question jurisdiction, it is not clear to the court whether he attempts to assert it on behalf of himself or Ms. Kannell.

- 5 -

(3)   The Court **CARRY** Harvey's Motion to Proceed *In Forma Pauperis* until he has had an opportunity to amend his complaint.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 4, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Unrepresented Parties