UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH HARVEY and ANJA KANNELL,**

        **Plaintiffs,**

v.                                                                   **Case No:  6:16-cv-56-Orl-41TBS**

**SEMINOLE COUNTY, SHERIFF, SEMINOLE COUNTY SHERIFF'S OFFICE, STEVEN SOTO and HALL,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Application to Proceed in District Court Without Prepaying ("Motion to Proceed," Doc. 10), which this Court construes as a motion for leave to proceed *in forma pauperis*. United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation (Doc. 11), which recommends that the Complaint (Doc. 1) be dismissed without prejudice for failure to state a claim as to the claims asserted by Plaintiff Harvey, and that he be given leave to file an Amended Complaint. Judge Smith also recommends that the Court reserve ruling on the Motion to Proceed until Plaintiff Harvey has been given an opportunity to file an amended pleading. (*Id.* at 6). Finally, Judge Smith recommends that all claims asserted by Plaintiff Kannell be dismissed without prejudice and with to leave to amend to allow her to assert those claims through legal counsel or pro se. (*Id.* at 5).

Plaintiff Harvey filed an Objection (Doc. 13), which appears to object to the Report and Recommendation to the extent Judge Smith declined to review any claim allegedly asserted on behalf of Plaintiff Kannell and recommended that her claims be dismissed without prejudice. The

right of self-representation is "a personal right that does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam). Thus, to the extent the Complaint purports to assert rights on behalf of Plaintiff Kannell, those claims are not properly before the Court and it was proper for Judge Smith to decline to address any such claim and to recommend that those claims be dismissed without prejudice.

Plaintiff Harvey also requests that the deadline for amending be March 25, 2016, as opposed to February 25, 2016, as recommended by Judge Smith. (*See* Obj. at 1–2; R. & R. at 5). The Court construes this portion of the Objection as a Motion for Extension. The Court will grant the motion insofar as it relates to Plaintiff Harvey. To the extent the Motion for Extension attempts to seek an extension on behalf of Plaintiff Kannell, the Court notes that the Report and Recommendation sets a deadline only with respect to Plaintiff Harvey, and thus, there is no deadline to extend with respect to Plaintiff Kannell. (R. & R. at 5). However, the Court reminds Plaintiff Harvey that he cannot request relief on behalf of Plaintiff Kannell. Any paper filed with this Court that purports to speak for Plaintiff Kannell must either be signed by her or proper legal counsel who has filed an appearance on her behalf. Both Plaintiff Harvey and Plaintiff Kannell are hereby placed on notice that continued failure to follow this rule will result in more than a written admonition.

After an independent *de novo* review of the record, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. The Court will also grant Plaintiff Harvey's Motion for Extension.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff Harvey's Objection (Doc. 13) is **OVERRULED**.

2. The Report and Recommendation (Doc. 11) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

4. Plaintiff Harvey's Motion for Extension (Doc. 13) is **GRANTED**.

5. Plaintiff Harvey may file an Amended Complaint **on or before March 25, 2016**. To the extent Plaintiff Harvey elects to file an Amended Complaint, he must fully comply with the rules and Orders of this Court and must assert only his own legal rights. Failure to timely file a completely conforming document may result in the dismissal of this case without further notice.

6. Plaintiff Kannell may elect to assert her legal rights in the Amended Complaint. To the extent she elects to do so, she must assert her own rights and must sign the Amended Complaint on her own behalf or through proper legal counsel.

**DONE** and **ORDERED** in Orlando, Florida on March 10, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties