UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH HARVEY and ANJA KANNELL,

    Plaintiffs,

v.                                        Case No:   6:16-cv-56-Orl-41TBS

STEVEN SOTO and HALL,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis*. (Docs. 10 and 12). Upon due consideration I respectfully recommend that the motions be **denied**.

### I. Background

This *pro se* lawsuit was filed in the United States District Court for the Southern District of Florida and then transferred to this Court (Docs. 1 and 5). After receiving the case, this Court entered an Order *sua sponte* giving Plaintiffs through February 9, 2016 to either file an affidavit of indigency or other application to proceed *in forma pauperis*, or pay the filing fee (Doc. 9). Plaintiffs' initial motion to proceed *in forma pauperis* was docketed on February 1, 2016 (Doc. 10). It is only signed by Plaintiff Harvey and I have previously construed it as being filed solely on his behalf (Doc. 11). I reviewed the complaint filed by Plaintiff Harvey and concluded that it did not state a cause of action (Id. at 1-5). Accordingly, on February 4, 2016, I recommended that the district judge dismiss the complaint, permit Plaintiff Harvey to file an amended complaint and reserve ruling on his *in forma pauperis* motion until he had an opportunity to amend his claims (Id. at 6).

Several weeks later, Plaintiff Kannell filed her own motion to proceed *in forma pauperis* in which she explained the reason she failed to sign the original motion[1] and affirmed her interest in participating in this lawsuit (Doc. 12). On February 22, 2016, Plaintiff Harvey filed his objection to the report and recommendation (Doc. 13) and the next day, I entered an Order carrying Plaintiff Kannell's *in forma pauperis* motion until after the district court ruled on the report and recommendation (Doc. 14). On March 10, 2016, the district judge adopted my recommendation to dismiss the complaint and permit Plaintiff Harvey to file an amended complaint (Doc. 15). The district judge made no mention of Plaintiff Kannell's *in forma paperis* motion. Plaintiffs filed their amended complaint on March 25, 2016 (Doc. 16).

## II. Relevant Law

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Prior to determining whether Plaintiffs qualify to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

---

[1] It appears that the Plaintiffs are confined in separate prison facilities (Doc. 10 at 1, 3; Doc. 12-1 at 1).

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

### III. Discussion

The amended complaint is signed by both parties (Doc. 16 at 13). Although Ms. Kannell's signature appears to be different than the signature affixed to her indigency motion (Doc. 12), in light of her proclamation of intent to participate in this lawsuit (Doc. 12-2 at 1-3), I construe the amended complaint as being filed by both *pro se* plaintiffs.

Plaintiffs allege that Sid Monzadeh accused them of attempting to purchase two automobiles from his Longwood, FL Autosports car dealership with fraudulent

checks/money orders and identification (Doc. 16 at 4).   Plaintiffs proclaim their innocence, allege that they were falsely arrested, and bring this action against Seminole County police officers[2] for violations of 42 U.S.C. § 1983, 1988, as well as the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution (Id. ¶ 3).   Plaintiffs also make allegations related to 18 U.S.C §1030(2)(c), abuse of process, and a host of other state law based torts (Id. ¶¶ 22-23).   Although I have attempted to summarize Plaintiffs' claim, it is not altogether clear to me what they are complaining about.

        a. Fifth and Fourteenth Amendment

Plaintiffs' constitutional claims lack the specificity required at this stage in the litigation.   It appears that their Fifth Amendment claim is based on the due process clause as applied to state officials through the Fourteenth Amendment.   However, they fail to specify whether their constitutional challenge is substantive or procedural. Regardless of whether this claim is based upon a procedural or substantive due process rationale, Plaintiffs are still required to show that a constitutionally protected property or liberty interest is at stake.   Cf. Amador v. Town of Palm Beach, No. 12-14567, 2013 WL 1748939, at *3 (11th Cir. April 23, 2013) (The Court recognized that the plaintiff must show that a "constitutionally protected property or liberty interest" was at stake to sustain his procedural due process claim.); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003); First Assembly of God of Naples, Fla., Inc. v. Collier Cnty., Fla., 20 F.3d 419, 423 (11th Cir. 1994); Wright v. Chattahoochee Valley Cmty. Coll., No. 3:06-cv-1087-WKW, 2008 WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008) ("To prevail on a substantive due

---

[2] Plaintiffs purport to bring this action against the sheriff of Seminole County and the county, as a municipal corporation (Doc. 16 ¶¶ 9-10).   These entities are not included in the case caption and are therefore not included as defendants in this lawsuit (Doc. 16 at 1).

process claim, a plaintiff must prove ... the existence of a protected property or liberty interest."). Plaintiffs have not alleged that Defendants' actions or the consequences of those actions are recognized by law as a protected property or liberty interest. Accordingly, Plaintiffs' allegations are inadequate.

      b. Fourth Amendment

To state a Fourth Amendment claim for unreasonable search and seizure Plaintiffs must allege that a state actor or an "agent of the government" infringed on his reasonable expectation of privacy. See Mundy v. Hambright, No. CV 213-128, 2014 WL 2895475, at *5 (S.D. Ga. June 24, 2014); Fortson v. City of Elberton, 24 F. Supp. 3d 1268 (M.D. Ga. June 24, 2014). Plaintiffs allege that Defendants violated their right to privacy without stating a basis for that right or an explanation of whether his expectation in its protection was reasonable (Doc. 16 ¶ 23). This is insufficient because a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not satisfy the Rule 8 pleading requirement. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs also allege that Ms. Kannell's Fourth Amendment rights were violated because she was interrogated without first being properly Mirandized. The remedy for an alleged Miranda[3] violation is the exclusion of any resulting evidence of self-incrimination, not an independent civil cause of action. See Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999); Hannon v. Sanner, 441 F. 3d 635, 636-637 (8th Cir. 2005). Therefore, Plaintiffs' allegations are insufficient in this regard.

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

      c. 18 U.S.C §1030(2)(c)

Plaintiffs argue that Defendants violated the federal computer fraud statute.  While Congress did create a private cause of action in the Computer Fraud and Abuse Act, 18 U.S.C §1030, Plaintiffs fail to make the allegations necessary to sustain a claim under this law.  The statute requires a plaintiff to plead (1) damage or loss, (2) at least one of five factors listed under section 1030(4)(A)(i), and (3) that the damage or loss sustained was a result of a violation of the statute.  Mortgage Now, Inc. v. Stone, No. 3:09CV80/MCR/MD, 2009 WL 4262877, at *8 (N.D. Fla. Nov. 24, 2009).  Plaintiffs have failed to make any such allegations and therefore, their amended complaint is insufficient.

      d. 42 U.S.C. § 1983, 1988

As I explained in my report and recommendation entered on February 4, 2016, Plaintiffs' arguments are not sufficient to sustain a cause of action under § 1983.  Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction.  42 U.S.C. § 1983.  The purpose of § 1983 "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights.  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).  The Court must therefore consider the specific federal rights Plaintiffs claim they were deprived of by Defendants.  In other words, the viability of Plaintiffs' § 1983 claim hinges on the sufficiency of their constitutional and other federal claims.  I have already determined that Plaintiffs' Fourth, Fifth, and Fourteenth Amendment claims and other

- 6 -

statutory claims are inadequate. None of Plaintiffs' other counts are based on a federal right. Therefore, none of Plaintiffs' allegations constitute a basis for Section 1983 liability and this claim should be dismissed.

### e. State-Based Causes of Action

Plaintiffs have failed to assert any state law claims upon which relief may be granted. They simply list state law claims by name (i.e. negligence, conspiracy, abuse of process, false arrest) without any averments of fact concerning the acts or omissions giving rise to the claims, or who committed the acts or omissions giving rise to each claim. I find no reason why the Court should exercise supplemental jurisdiction over these allegations. 28 U.S.C. § 1367(c)(3); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

## IV. Recommendation

Plaintiff have now had two opportunities to allege a cause of action and they have failed. At this stage, I am not persuaded that allowing Plaintiffs additional leave to amend would be fruitful. Accordingly, I respectfully recommend that the district judge **DENY** the motions (Docs. 10 and 12) for leave to proceed *in forma pauperis,* and **DISMISS** this case without further leave to amend.

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 19, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiffs, pro se