UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH HARVEY and ANJA KANNELL,**

        **Plaintiffs,**

v.                                             **Case No: 6:16-cv-56-Orl-41TBS**

**STEVEN SOTO and HALL,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff Joseph Harvey's Application to Proceed in District Court Without Prepaying (Doc. 10) and Plaintiff Anja Kannell's Motion to Proceed *In Forma Pauperis* (Doc. 12) (collectively, "Motions to Proceed"). United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation ("R&R," Doc. 17), in which he recommends that the Motions to Proceed be denied and that Plaintiffs' Amended Complaint (Doc. 16) be dismissed without leave to amend. Plaintiffs filed a timely Objection (Doc. 18).

After an independent *de novo* review of the record, the Court agrees entirely with the findings of fact and conclusions of law in the R&R. Taking all of Plaintiffs' allegations in the light most favorable to them, including the additional information provided in their Objection, they have failed to plead claims for violations of their federal rights. Additionally, to the extent they attempt to assert state law claims, the Amended Complaint only lists several purported causes of action but fails to specify any factual predicate showing entitlement to relief for these alleged violations. Accordingly, Plaintiffs have failed to state a claim for relief and the Amended Complaint is due to be dismissed.

Furthermore, it appears that even if Plaintiffs had properly pleaded any claim, their claims—with the exception of Plaintiff Harvey's malicious prosecution claim—would be barred by the applicable statutes of limitations. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (noting that "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous," and holding that "[w]hen the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading"). Plaintiffs allege claims arising out of conduct that occurred on June 17, 2009 and June 28, 2009. (Doc. 16 ¶¶ 12–13). The claims are brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 1030, and state law. With respect to Plaintiffs' § 1983 claims, the statute of limitations is four years, *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."); as to their § 1030 claim, the statute of limitations is two years, 18 U.S.C. § 1030(g); and their purported state law claims are all subject to the four statute of limitations, Fla. Stat. § 95.11(3). Accordingly, to timely file a claim under § 1030, Plaintiffs had to file their complaint by June 2011, and for all other causes of action by June 2013. Plaintiffs filed their Complaint (Doc. 1) on October 26, 2015. Therefore, Plaintiffs' claims are time-barred.

Finally, to the extent Plaintiff Harvey attempts to assert a malicious prosecution claim for criminal proceedings allegedly occurring between 2011 and 2013, Plaintiff Harvey cannot state a claim for malicious prosecution. Plaintiff Harvey alleges that he was maliciously prosecuted for the crime of fictitious use of identification. "Both termination and a favorable resolution for the plaintiffs are necessary to prove malicious prosecution." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990). Thus, even assuming that he had otherwise pleaded such a claim, Plaintiff

Harvey's claim cannot succeed because he was found guilty of the crime of fictitious use of identification in the state court proceedings.[1] *See* Detailed Information for Case 592010CF005372A, http://www.seminoleclerk.org/CriminalDocket/case_detail.jsp?CaseNo=592010CF005372A (last visited Oct. 12, 2016). A guilty verdict and resulting conviction is patently not a favorable resolution, and therefore, Plaintiff Harvey cannot state a claim for malicious prosecution. For these reasons, Plaintiffs' claims will be dismissed with prejudice. *See Cox v. Mills*, 465 F. App'x 885, 889 (11th Cir. 2012) (holding that "the court need not grant leave [to amend] . . . where the complaint as amended would still be subject to dismissal").

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 17) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff Joseph Harvey's Application to Proceed in District Court Without Prepaying (Doc. 10) is **DENIED**.

3. Plaintiff Anja Kannell's Motion to Proceed *In Forma Pauperis* (Doc. 12) is **DENIED**.

4. The Amended Complaint (Doc. 16) is **DISMISSED with prejudice**. The Clerk is directed to close this case.

---

[1] "Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015). Accordingly, because the Court applies the same standard in ruling on motions to proceed *in forma pauperis* as it applies in addressing motions under Rule 12(b)(6), the Court may take judicial notice of the state court records pertaining to Plaintiff Harvey's criminal proceedings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."); *see also Diamond v. Pitchess*, 411 F.2d 565, 566 (9th Cir. 1969) ("In the exercise of its broad discretion to permit or deny in forma pauperis suits . . . , the District Court may resolve factual issues bearing upon that decision only if the allegations lack veracity or legal substance either on their face or in the light of facts properly subject to judicial notice.").

**DONE** and **ORDERED** in Orlando, Florida on October 27, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties