UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH HARVEY and ANJA KANNELL,

    Plaintiffs,

v.                                                Case No: 6:16-cv-56-Orl-41TBS

STEVEN SOTO and HALL,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff Anja Kannell's Motion for Relief from Obligation to Pay the Docketing and Filing Fees which I have construed as a motion for leave to appeal *in forma pauperis* (Doc 28). Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### I. Background

Plaintiffs Joseph Harvey and Anja Kannell filed this lawsuit in the United States District Court for the Southern District of Florida (Doc. 1). On November 20, 2015, the case was transferred to this Court (Doc. 5). This Court entered an Order *sua sponte* giving Plaintiffs through February 9, 2016 to either file an affidavit of indigency or other application to proceed *in forma pauperis*, or pay the filing fee (Doc. 9). Plaintiffs' initial motion to proceed *in forma pauperis* was docketed on February 1, 2016 (Doc. 10). It is only signed by Plaintiff Harvey and I construed it as being filed solely on his behalf (Doc. 11). I also reviewed the complaint and concluded that it did not state a cause of action (Id., at 3-5). Accordingly, on February 4, 2016, I recommended that the district judge dismiss the complaint, permit Plaintiff Harvey to file an amended complaint and reserve ruling on his *in*

*forma pauperis* motion until he had an opportunity to amend his claims (Id. at 6).

Several weeks later, Plaintiff Kannell filed her own motion to proceed *in forma pauperis* in which she explained the reason she failed to sign the original motion and affirmed her interest in participating in this lawsuit (Doc. 12). On February 22, 2016, Plaintiff Harvey filed his objection to my report and recommendation (Doc. 13) and the next day, I entered an Order carrying Plaintiff Kannell's *in forma pauperis* motion until after the district court ruled on the report and recommendation (Doc. 14). On March 10, 2016, the district judge adopted my recommendation to dismiss the complaint and permitted Plaintiff Harvey to file an amended complaint (Doc. 15). Plaintiffs filed their amended complaint on March 25, 2016 (Doc. 16). The amended complaint is signed by both Plaintiffs (Id. at 13). Although Kannell's signature appears to be different than the signature affixed to her indigency motion (Doc. 12), in light of her proclamation of intent to participate in this lawsuit (Doc. 1 2-2 at 1-3), I construed the amended complaint as being filed by both *pro se* plaintiffs (Doc. 17 at 3).

The amended complaint alleged that Sid Monzadeh accused Plaintiffs of attempting to purchase two automobiles from his Longwood, FL Autosports car dealership with fraudulent checks/money orders and identification (Doc. 16 at 4). Plaintiffs proclaimed their innocence, alleged that they were falsely arrested, and filed this lawsuit against Seminole County police officers for violations of 42 U.S.C. § 1983, 1988, as well as the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution (Id. ¶ 3). Plaintiffs also made allegations related to 18 U.S.C §1030(2)(c), abuse of process, and a host of other state law based torts (Id. ¶¶ 22-23).

I determined that Plaintiffs' constitutional claims lacked the specificity required (Doc. 17 at 4). Their Fifth Amendment claim appeared to be based on the due process

clause as applied to state officials through the Fourteenth Amendment. But, Plaintiffs failed to specify whether their constitutional challenge was substantive or procedural. Regardless of whether their claim was based on a procedural or substantive due process rationale, Plaintiffs were required to show that a constitutionally protected property or liberty interest was at stake. Cf. Amador v. Town of Palm Beach, No. 12-14567, 2013 WL 1748939, at *3 (11th Cir. April 23, 2013) (The Court recognized that the plaintiff must show that a "constitutionally protected property or liberty interest" was at stake to sustain his procedural due process claim.); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003); First Assembly of God of Naples, Fla., Inc. v. Collier Cnty., Fla., 20 F.3d 419, 423 (11th Cir. 1994); Wright v. Chattahoochee Valley Cmty. Coll., No. 3:06-cv-1087-WKW, 2008 WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008) ("To prevail on a substantive due process claim, a plaintiff must prove ... the existence of a protected property or liberty interest."). Because Plaintiffs failed to allege that Defendants' actions or the consequences of those actions is recognized by law as a protected property or liberty interest I concluded that Plaintiffs' allegations were inadequate (Doc. 17 at 5).

To state a Fourth Amendment claim for unreasonable search and seizure Plaintiffs had to allege that a state actor or an "agent of the government" infringed on their reasonable expectations of privacy. See Mundy v. Hambright, No. CV 213-128, 2014 WL 2895475, at *5 (S.D. Ga. June 24, 2014); Fortson v. City of Elberton, 24 F. Supp. 3d 1268 (M.D. Ga. June 24, 2014). Plaintiffs' amended complaint failed to allege a basis for their right of privacy or an explanation why their expectation in its protection was reasonable. I determined that this was insufficient because a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not satisfy the Rule 8 pleading requirement. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs also alleged that Kannell's Fourth Amendment rights were violated because she was interrogated without first being properly Mirandized. The remedy for an alleged Miranda[3] violation is the exclusion of any resulting evidence of self-incrimination, not an independent civil cause of action. See Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999); Hannon v. Sanner, 441 F. 3d 635, 636-637 (8th Cir. 2005). Therefore, I found these allegations to be insufficient (Doc. 17 at 5).

The amended complaint also alleged that Defendants violated the federal computer fraud statute. While Congress did create a private cause of action in the Computer Fraud and Abuse Act, 18 U.S.C §1030, Plaintiffs failed to make the allegations necessary to sustain a claim under this law. The statute requires a plaintiff to plead (1) damage or loss, (2) at least one of five factors listed under section 1030(4)(A)(i), and (3) that the damage or loss sustained was a result of a violation of the statute. Mortg. Now, Inc. v. Stone, No. 3:09CV80/MCR/MD, 2009 WL 4262877, at *8 (N.D. Fla. Nov. 24, 2009). Plaintiffs failed to make these allegations in their amended complaint (Doc. 17 at 6).

Plaintiffs' allegations were also not sufficient to state a cause of action under § 1983. Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. The purpose of § 1983 "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights

elsewhere conferred, it does not create new substantive rights. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). Courts must therefore consider the specific federal rights a plaintiffs claims she was deprived of by the defendants. So, the viability of Plaintiffs' § 1983 claim hinged on the sufficiency of their constitutional and other federal claims which I had already determined to be insufficient. None of Plaintiffs' other claims were based on a federal right. Therefore, I concluded that none of Plaintiffs' allegations constituted a basis for § 1983 liability and the claim should be dismissed (Doc. 17 at 6-7).

Lastly, I determined that Plaintiffs failed to assert any state law claims upon which relief could be granted (Doc. 17 at 7). They simply listed state law claims by name (i.e. negligence, conspiracy, abuse of process, false arrest) without any averments of fact concerning the acts or omissions giving rise to the claims, or who committed the acts or omissions giving rise to the claims. Therefore, I saw no reason why the Court should exercise supplemental jurisdiction over those allegations. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiffs objected to my report and recommendation (Doc. 18). In their objections they clarified that they were not suing for false arrest, that Harvey was arrested "for fictitious use of identification and Kannell was never arrested or charged even though the cars and contracts were in her name alone." (Id., at 1). They argued that their automobile was taken by someone (unidentified but presumably law enforcement), without a warrant or probable cause (Id.). Plaintiffs also contended that it was an abuse of process for Officer Soto to "act as if he was investigating stolen cars when he knew that Kannell had a contract for [the] cars and it was, if anything, a civil matter." (Id., 3). Plaintiffs' Fourth Amendment claim was, according to them, predicated on Officer Soto

conducting an illegal search of their home (Id., at 4). And, they said, the individual Defendants conspired to violate Plaintiffs' Fourth Amendment rights by going on their Myspace page without authorization (Id., at 6).

On October 27, 2016, the district judge concluded that,

> After an independent *de novo* review of the record, the Court agrees entirely with the findings of fact and conclusions of law in the R&R. Taking all of Plaintiffs' allegations in the light most favorable to them, including the additional information provided in their Objection, they have failed to plead claims for violations of their federal rights. Additionally, to the extent they attempt to assert state law claims, the Amended Complaint only lists several purported causes of action but fails to specify any factual predicate showing entitlement to relief for these alleged violations. Accordingly, Plaintiffs have failed to state a claim for relief and the Amended Complaint is due to be dismissed.

(Doc. 19 at 1). The district judge denied both applications to proceed *in forma pauperis* and dismissed this case with prejudice (Id., at 3).

Plaintiff Kannell seeks leave to appeal *in forma pauperis* (Doc. 28). She has not submitted an affidavit of indigency, financial statement or other documentation of her financial condition. But, it appears she remains incarcerated and she represents that she receives approximately $50 per month, that she makes a $25 restitution payment each quarter, and that she has no family support (Id. at 1). Ordinarily, I would direct the Clerk to send Kannell an Application to Proceed in District Court without Prepaying Fees or Costs but here, assuming Kannell is indigent, I find that her appeal is not taken in good faith.

## II. Discussion

Title 28 of the United States Code, Section 1915 governs *in forma pauperis* motions filed in federal court. The statute provides in part that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or

> proceeding, civil or criminal, or appeal therein, without
> prepayment of fees or security therefor, by a person who
> submits an affidavit that includes a statement of all assets
> such [person] prisoner possesses that the person is unable to
> pay such fees or give security therefor. Such affidavit shall
> state the nature of the action, defense or appeal and affiant's
> belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

A party's ability to file an appeal without paying court fees is limited by the statutory provision which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)); Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). A frivolous case is one without arguable merit. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun, 939 F.2d at 925 (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M.D. Fla. Aug. 24, 2010).

On the merits, I see no basis for a good faith appeal by Kannell. As the district judge noted in his dismissal Order:

> [I] appears that even if Plaintiffs had properly pleaded any claim, their claims–with the exception of Plaintiff Harvey's malicious prosecution claim–would be barred by the applicable statutes of limitations. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (noting that "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous," and holding that "[w]hen the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading"). Plaintiffs allege claims arising out of conduct that occurred on June 17, 2009 and June 28, 2009. (Doc. 16 ¶¶ 12-13). The claims are brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 1030, and state law. With respect to Plaintiffs' § 1983 claims, the statute of limitations is four years, *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."); as to their § 1030 claim, the statute of limitations is two years, 18 U.S.C. § 1030(g); and their purported state law claims are all subject to the four statute of limitations, Fla. Stat. § 95.11(3). Accordingly, to timely file a claim under § 1030, Plaintiffs had to file their complaint by June 2011, and for all other causes of action by June 2013. Plaintiffs filed their Complaint (Doc. 1) on October 26, 2015. Therefore, Plaintiffs' claims are time-barred.

(Doc. 19 at 3). Plaintiffs sought reconsideration of this finding, which the Court denied (Docs. 20-21).

For all of the reasons explained here, in my Report and Recommendation (Doc. 17), and the Court's Order adopting same (Doc. 19), I find that Plaintiff Kannell's appeal lacks any arguable merit and her motion should be denied.

### III. Recommendation

Now, I **RESPECTFULLY RECOMMEND** that the Court certify that Plaintiff Kannell's appeal is not taken in good faith and **DENY** her motion to proceed *in forma pauperis* (Doc. 28).

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on September 20, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties